JUSTICE TRIEWEILER
concurring in part and dissenting in part.
¶40 I concur with parts II and III of the majority opinion related to Jason Hardaway’s motion for mistrial and reimbursement for costs incurred in his defense against the bail jumping charge. I also concur with the majority’s decision to remand the speedy trial issue to the District Court for further consideration based on our decision in City of Billings v. Bruce, 1998 MT 186, [290 Mont. 148], 965 P.2d 866. However, I do not agree with all that is said in the majority’s speedy trial analysis.
¶41 Specifically, I disagree with the majority’s calculation of the number of days attributable to the State. The majority concludes, and I agree, that the 257 days of delay from the date on which Hardaway was charged until his November 6,1995, trial date is attributed to the State. The majority also concludes, and I agree, that the 188 days after Hardaway’s return to Yellowstone County until his final trial date is attributed to the State. However, the majority has arbitrarily concluded, without explanation, that the time from November 6, 1995 (the date of the trial at which Hardaway did not appear), until May 22, 1996 (the date on which Hardaway was returned to Billings following a guilty plea to other charges in Lake County), is attributed to Hardaway. The majority makes this conclusion in spite of the fact that Hardaway denied knowledge of the November 6 trial date; a jury apparently agreed that he had no knowledge of the November 6 trial date; and, whether or not he had knowledge of that trial date, he was arrested in Lake County on November 15,1995, served with the outstanding Yellowstone County bench warrant, and could have been re *529 turned to Yellowstone County for trial at any time thereafter. There is no explanation of why the time from November 15,1995, to May 22, 1996, is any less attributable to the State as institutional delay than the time from May 22,1996, to November 26,1996.1 conclude that it is attributable to the State and, therefore, that the total delay which should be attributed to the State in this case is 633 days, rather than the 445 days attributed by the majority. Therefore, even though the delay was institutional, rather than intentional, I believe that a delay of that length should weigh heavily against the State. However, whether the delay is sufficient to require dismissal of the charges against Hardaway will depend on further analysis consistent with the Bruce decision.
¶42 For these reasons, I concur with the result of the majority opinion, but not with all that is said therein.
JUSTICE HUNT joins in the foregoing concurring and dissenting opinion.